IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-00454-RBJ

ROBERT STUART

    Plaintiff,

v.

MARSHFIELD DOORSYSTEMS, INC.,
a Delaware Corporation,

    Defendant.

## ORDER

Defendant moves to dismiss this case for improper venue or, alternatively, for a change of venue to the United States District Court for the Northern District of Illinois. The issues have been fully briefed and argued.

### FACTS

Robert Stuart and David Cox owned and operated Consolidated Fiber, LLC, a North Carolina limited liability company engaged in the manufacturing and selling of commercial and residential doors. In 2004 they sold the company to Marshfield DoorSystems, Inc., a Delaware corporation headquartered in Madison, Wisconsin.

### Asset Purchase Agreement

The transaction was reduced to writing in an Asset Purchase Agreement ("APA") dated as of August 23, 2004. Stuart and Cox received approximately $2,000,000 each. As part of the consideration owed to Marshfield in return, each gentleman was required to remain employed by

the company and to sign an employment agreement substantially in the form of Exhibits E and F. APA ¶7.15. The exhibits were incorporated into the APA by reference. *Id.* ¶13.10.

The APA contained a non-competition clause that prohibited Stuart and Cox from engaging or otherwise becoming involved with a competitive business for 24 months following the expiration of their employment agreements. ¶11.4. It provided that the APA would be governed by Delaware law, ¶13.4, and that the parties would settle "any dispute, controversy or claim arising out of or relating to" the APA by arbitration in Chicago, Illinois. ¶13.5. Non-arbitrable disputes would be submitted to an applicable state or federal court sitting in Chicago. ¶13.6.

The APA also provides:

> 13.8. <u>Entire Agreement</u>. Except as otherwise specifically provided herein, this Agreement constitutes the entire agreement among the parties hereto with respect to the subject matter hereof and supersedes all prior communications, writings and other documents with regard thereto. No modification, amendment or waiver of any provision hereof shall be binding upon any party hereto unless it is in writing and executed by all of the parties hereto or, in the case of a waiver, by the party waiving compliance.

**Employment Agreement**

Mr. Stuart signed a Management/Employment Agreement (the "Employment Agreement"). It had an "Initial Term" of five years and then automatically extended for one-year "Renewal Terms." Either party could terminate the Employment Agreement at the end of the Initial Term or any Renewal Term by providing 45 days' notice to the other party. Employment Agreement ¶1. It had a non-competition clause substantially identical to that of the APA. *Id.* ¶9. Like the APA, it was to be governed by Delaware law. ¶17. However, it provided that any claims or causes of action "arising out of or related to" the Employment Agreement were to be resolved by a court trial without a jury. ¶18.

The Employment Agreement has the following additional clause:

15.  <u>Entire Agreement; Amendments</u>.  This Agreement contains the entire agreement and understanding of the parties hereto relating to the subject matter hereof, and merges and supersedes all prior and contemporaneous discussions, agreements and understandings of every nature between the parties hereto relating to the employment of Employees with the Company.  This Agreement may not be changed or modified, except by an Agreement in writing signed by each of the parties hereto.

### **The Dispute**

Mr. Stuart worked for Marshfield pursuant to the Employment Agreement (as amended in 2006 to improve his salary and benefits) for the Initial Term of five years and for one-year Renewal Terms beginning on or about August 23, 2009 and 2010.  The Employment Agreement automatically renewed for another one-year term on August 23, 2011.  However, on or about January 9, 2012 Mr. Stuart notified Marshfield that he intended to resign in approximately four weeks.  Complaint ¶12.  A few days later he informed Marshfield that, subsequent to his departure, he would be employed by TruStile Doors, LLC.  *Id.* ¶13.  Marshfield then informed Mr. Stuart that his employment would terminate on January 17, 2012.  *Id.* ¶17.  Mr. Stuart moved to Denver, Colorado and began his employment with TruStile Doors in early February 2012.

Marshfield invoked the non-competition clauses of the APA and the Employment Agreement and insisted that Mr. Stuart quit his new employment with TruStile Doors, which Marshfield considers to be a competitive business.  I am informed that Marshfield has communicated with TruStile Doors and demanded that it desist in its employment of Mr. Stuart.  Mr. Stuart in turn filed the present action on February 22, 2012, seeking (1) a declaration that the non-competition agreements are unenforceable, or that they were waived, or that they were not

violated, and (2) preliminary and permanent injunctions prohibiting Marshfield from interfering with his new employment.

On March 2, 2012 Marshfield submitted a demand for arbitration to the American Arbitration Association requesting arbitration of the arbitrable portions of the dispute in Chicago. On the same day Marshfield filed a complaint against Mr. Stuart in the United States District Court for the North District of Illinois, Eastern Division, seeking an order compelling arbitration and injunctive relief prohibiting Mr. Stuart from engaging in his current employment with TruStile Doors. I have not been informed of any further actions or proceedings to date in either the AAA or the Illinois federal court. Meanwhile, according to Mr. Stuart, TruStile Doors has suspended his employment pending resolution of the disputes between the parties.

**CONCLUSIONS**

A. Improper Venue.

Motions to dismiss based on a forum selection clause are analyzed as motions to dismiss for improper venue under Fed. R. Civ. P. 12(3). *Riley v. Kingsley Underwriting Agencies, Ltd.,* 969 F.2d 953, 956 (10th Cir. 1992). Marshfield argues that the forum selection clause in the APA requires that the dispute be submitted to AAA arbitration in Chicago and, to the extent injunctive relief or other non-arbitrable relief is sought, to resolution in federal court in Chicago. Mr. Stuart argues that the Employment Agreement is a stand-alone contract with no forum selection clause, and that disputes under it can be tried in any court of competent jurisdiction. Based solely on the wording of the two contracts involved, I agree with Mr. Stuart.

The parties entered into the Employment Agreement as of the same date as the APA, August 23, 2004. The Employment Agreement has governed the employment relationship since that time. It contains two provisions that are significant to the present dispute. First, the parties

expressly agreed that any disputes arising out of the Employment Agreement would be resolved by court trial without a jury. That is inconsistent with Marshfield's demand that the dispute be submitted to arbitration. Second, the Employment Agreement not only provides that it contains the parties' entire agreement but expressly states that it "merges and supersedes all prior and contemporaneous discussions, agreements and understandings of every nature between the parties hereto relating to the employment of Employee with the Company." *Id.* ¶15. This is a classic merger clause. *See, e.g., Summit Contractors, Inc. v. Legacy Corner, L.L.C.,* 147 Fed. App'x 798, 799 (10th Cir. 2005). The effect of a merger clause was succinctly summarized in *Battaglia v. McKendry,* 233 F.3d 720 (3d Cir. 2000):

> This concept is distinct from integration. If agreement A merges into agreement B, the terms of agreement A are extinguished. On the other hand, if agreements A and B are deemed integrated, the provisions of agreement A are not extinguished, but rather are read in conjunction with the terms of agreement B.

*Id.* at 729 n.7.

By its plain terms, then, the Employment Agreement merges and supersedes any inconsistent provisions in the APA, a contemporaneous agreement. Because it requires a court trial, it is not governed by the APA's arbitration clause. Because it has no forum selection clause, Mr. Stuart is not precluded from instituting a lawsuit outside Chicago. There must of course be personal jurisdiction over the defendant, but personal jurisdiction in Colorado has not been challenged. There must be proper venue, but other than the forum selection clause in the APA (and inconvenience, discussed below), the propriety of venue in this district has not been challenged.

Marshfield argues that the parties clearly intended that any disputes under the APA would be resolved by arbitration or litigation in Chicago. However, while the APA so provides in general, the Employment Agreement does not. The parties could have put

an arbitration clause and a forum selection clause in the Employment Agreement, but they did not.

Marshfield argues that the Employment Agreement was incorporated into and became a part of the APA. I do not agree. The APA incorporated by reference its exhibits which, as relevant here, were facsimile forms of employment agreements. Mr. Stuart was required to agree to an actual employment agreement in substantially the same form as the facsimiles, which he did. However, as indicated above, the Court finds that the actual Employment Agreement by its plain language stands on its own as an independent contract.

Marshfield argues that a non-competition clause in a sale of a business context potentially enjoys greater acceptance, and violation of such a clause potentially has different remedies, than a non-competition clause in an employment agreement. Be that as it may, it does not change the wording of the Employment Agreement. Whether the non-competition clause in this Employment Agreement is entitled to the deference accorded to such clauses in sale of business agreements where there is no separate employment agreement is an issue that this Court need not reach or decide today. This Court decides only that the motion to dismiss this case, which seeks declaratory and injunctive relief concerning the operation of the non-competition clause in the Employment Agreement, on grounds of improper venue must be denied.

B. <u>Forum Non Conveniens</u>.

Alternatively, Marshfield asks the Court to transfer the case to the Northern District of Illinois where its lawsuit is pending. A district court may transfer venue to any district where it might have been brought, which I will assume includes the Northern

District of Illinois in this instance, "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).  The Court should consider

> (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145, 147 (10th Cir. 1967) (numbers added).

It is difficult fully to evaluate all these factors here, as the parties did not present evidence or even much argument concerning the location of witnesses or other proof, nor do I have any basis to compare possible "congestion" in my docket versus the docket of the judge to which the Illinois case has been drawn.  However, certain findings can be made.

First, neither party has significant contact with either Colorado or Illinois. Plaintiff has only recently moved to Denver from North Carolina to begin employment with a Denver based company.  Marshfield is a Delaware corporation based in Wisconsin.  The reasons for the choice of Chicago in the forum selection clause in the APA are unknown to me.  It does not appear to be likely that the case will require testimony from many, if any, witnesses located in Illinois.

It appears to be beyond dispute that Mr. Stuart did not terminate his employment in the manner required by the Employment Agreement.  Whether TruStile Doors is a competitive business probably is a fact issue that will require testimony and perhaps other evidence, judging from the parties' respective complaints.  The Court has no basis to find

that it would be more difficult or expensive to obtain and present evidence on that subject in Colorado than in Illinois. Nor has the Court reason to suspect that either party would not receive an equally fair trial or that enforcement of a judgment would be more difficult in either forum.

The Employment Agreement provides that it is to be governed by Delaware law. Delaware law can be determined and applied equally well by judges in Colorado and Illinois. During the hearing plaintiff's counsel suggested that there might nevertheless be an argument that a court sitting in Colorado might be inclined to prefer Colorado law in a non-competition case. Suffice it to say that this Court is not so inclined, if indeed there is any substantive difference between the respective laws of Colorado and Delaware. Given the parties' agreement, I see no relevance to the factor of a local court's deciding local law.

One practical question is whether Marshfield can and will continue to pursue its case in Illinois under the non-competition clause in the APA. If so, then arguably there would be duplicative litigation and the possibility of inconsistent outcomes. I must leave it to the Illinois court to determine the course of the Illinois case. However, whether Marshfield chooses to attempt to prosecute its case there is in Marshfield's hands. By insisting on litigating in Colorado, Mr. Stuart has chosen to run the risk of having to litigate in two places.

In the end, I conclude that there is no compelling reason to change the venue of this case either for the convenience of the parties or in the interest of justice, and therefore, that the plaintiff's choice of forum should be respected. Accordingly, I decline to exercise my discretion to transfer this case to Illinois.

ORDER

For the foregoing reasons, the motion to dismiss [#4] is DENIED.

DATED this 14th day of March, 2012.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge